**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

TRILLIUM PARTNERS, LP
90 Grove Street, Suite 108
Ridgefield, CT 06877

    Plaintiff

v.

WEARABLE HEALTH SOLUTIONS, INC.    Case No.:
2300 Yonge Street
Suite 1600, Toronto, Ontario
M4P 1E4 Canada

    Defendant

---

## COMPLAINT

Plaintiff, Trillium Partners, LP, ("TRILLIUM"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against Wearable Health Solutions, Inc. ("WHSI"), and alleges:

1. This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock in exchange for other debt, claims or securities of the same public company owned by the Plaintiff.

2. This Court has jurisdiction over the parties hereto based on the Federal Statute.

3. Venue is proper in the Northern District.

4. Defendant is a publicly traded corporation, domiciled in Nevada, headquartered in Ontario, Canada and conducting business in Maryland, trading on the

1

OTC Markets under the ticker symbol WHSI, which has the ability to issue securities under Section 3(a)(10).

5. On June 22, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Leonite Capital, LLC, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $212,053.63 ("Claim").  A copy of the CPA under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including a Senior Secured Convertible Promissory Note) are attached hereto and incorporated by reference herein as Exhibit A.

6. On June 22, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Edward Zimmerman, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $2,500.00 ("Claim").  A copy of the CPA under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including an invoice for Edgar filing services) are attached hereto and incorporated by reference herein as Exhibit B.

7. On June 25, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Gail Rosenthal, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $44,500.00 ("Claim").  A copy of the CPA under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including invoices for accounting services) are attached hereto and incorporated by reference herein as Exhibit C.

8. On May 28, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Jennifer McGrody, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $3,692.75 ("Claim"). A copy of the CPA under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including invoices for consulting services) are attached hereto and incorporated by reference herein as Exhibit D.

9. On May 29, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with GlobalOne Filings, Inc., a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $1,248.00 ("Claim"). A copy of the CPA under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including invoices for Edgar filing services) are attached hereto and incorporated by reference herein as Exhibit E.

10. On June 22, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Law Offices of Andrew Coldicutt, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the amount of $11,500.00 ("Claim"). A copy of the CPA under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including invoices for legal services) are attached hereto and incorporated by reference herein as Exhibit F.

11. On June 22, 2020, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Campanari, Gerhardt & Silva Andrade, a creditor of Defendant (an

"Assignor"), whose claim against Defendant is in the amount of $35,000.00 ("Claim").  A copy of the CPA under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to the Assignor (including an invoice for legal services and Attorney Services Agreement) are attached hereto and incorporated by reference herein as Exhibit G.

12. On July 10, 2020 Defendant engaged Corinthian Partners, LLC ("PLACEMENT AGENT") a registered broker-dealer, to serve as Placement Agent with regard to the due diligence of and the purchase of Claims by third parties like TRILLIUM.

13. For such services, Placement Agent is due a placement agent fee equal to ten percent (10%) of the net proceeds of sales of Settlement Shares issued pursuant to a court approved settlement agreement.

14. The July 10, 2020 Engagement Letter from the Placement Agent to Defendant evidencing such placement agent services is attached hereto as Exhibit H.

15. Because TRILLIUM's brokerage will not allow TRILLIUM to deposit WHSI stock into its brokerage account without a federal court order recognizing an exemption from registration under the Securities Act of 1933, it is impossible for TRILLIUM (and thus each Assignor) to recoup these losses without relief under Section 3(a)(10).

16. WHSI's delinquent public securities filings confirm its inability to repay TRILLIUM using cash, and TRILLIUM seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby WHSI would obtain the requested federal court order allowing WHSI to issue shares of its publicly traded common stock as payment for the settlement of TRILLIUM's Claim under Section 3(a)(10).

17. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

18. The total outstanding balance represented by the above Claims is owed by Defendant to the Plaintiff and remains unpaid.

19. Based upon the foregoing exhibits, the Defendant is responsible and liable to the Plaintiff for repayment thereof.

20. Defendant has defaulted on its obligations to pay the Plaintiff pursuant to the Exhibits attached hereto.

21. Both Assignors and Plaintiff have made verbal requests to Defendant for payment of the subject debts; however, Defendant has failed to pay same.

22. As a direct and proximate result of the failure of Defendant to pay the debts which are the subject of this Complaint, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

August 11, 2020

*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
201 International Circle, Suite 230
Hunt Valley, Maryland 21030
(410) 429-7076 Tel
(888) 907-1740 Fax

*Attorney for Plaintiff*